IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS SUPPLEMENTAL RETIREMENT FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINNE PROGRAM FUND, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| MC INSTALL & DISMANTLE CORPORATION D/B/A MC EXHIBIT SERVICES and JG EXHIBIT SERVICES, INC. | ) ) ) ) |
| Defendants. | ) |

**AMENDED C O M P L A I N T**

Now come the Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, et. al., by their attorney, Nicholas E. Kasmer of McGann, Ketterman, & Rioux, complaining of the Defendants, MC INSTALL & DISMANTLE CORPORATION D/B/A MC EXHIBIT SERVICES and JG EXHIBIT SERVICES, INC., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2.     The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, Chicago Regional Council of Carpenters Supplemental Retirement Funds, and the Chicago Regional Council of Carpenters Apprentice Training Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3.     MC INSTALL & DISMANTLE CORPORATION D/B/A MC EXHIBIT SERVICES, is an employer engaged in an industry affecting commerce entered into a Collective Bargaining Agreement whose terms require itself to pay fringe benefits to the Trust Funds.

4.     The Collective Bargaining Agreement also binds MC INSTALL & DISMANTLE CORPORATION D/B/A MC EXHIBIT SERVICES, to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

5.     MC INSTALL & DISMANTLE CORPORATION D/B/A MC EXHIBIT SERVICES, is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective

Bargaining Agreements and Trust Agreements. In addition, MC INSTALL & DISMANTLE CORPORATION D/B/A MC EXHIBIT SERVICES, is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, MC INSTALL & DISMANTLE CORPORATION D/B/A MC EXHIBIT SERVICES, is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7. JG EXHIBIT SERVICES, INC., is an employer engaged in an industry affecting commerce.

8. JG EXHIBIT SERVICES, INC., is related to MC INSTALL & DISMANTLE CORPORATION D/B/A MC EXHIBIT SERVICES, and both perform carpentry bargaining unit work.

9. JG EXHIBIT SERVICES, INC., and MC INSTALL & DISMANTLE CORPORATION D/B/A MC EXHIBIT SERVICES, have (a) a common business purpose; (b) common employees; (c) common labor supervision; and (d) common ownership.

10. JG EXHIBIT SERVICES, INC., is bound to the collective bargaining agreement pursuant to its relationship with MC INSTALL & DISMANTLE

CORPORATION D/B/A MC EXHIBIT SERVICES, under the alter ego and/or single/joint employer theories.

11. JG EXHIBIT SERVICES, INC., and MC INSTALL & DISMANTLE CORPORATION D/B/A MC EXHIBIT SERVICES, breached the provisions of the collective bargaining agreement by failing to allow Plaintiffs to complete an audit of Defendants' books and records for the period January 1, 2016 through March 31, 2018.

12. Plaintiffs have been required to employ the undersigned attorneys to compel the audit of the Defendants' books and records.

13. The Defendants are obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D).

14. According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), the Defendants are obligated to pay any fringe benefit contributions shown to be due upon completion of the audit, as well as liquidated damages, and interest.

15. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or

(b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

    A.    That the Defendants, be required to provide access to its records within ten (10) days for the period of January 1, 2016 through March 31, 2018, so that the audit can be completed.

    B.    That Defendants be ordered to pay all contributions shown to be due upon completion of the audit.

    C.    That Defendants be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.

    E.    That Defendants be ordered to pay liquidated damages and interest.

    F.    That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendants cost.

    Respectfully Submitted,

    CHICAGO REGIONAL COUNCIL PENSION FUND et al.

    s/Nicholas E. Kasmer
By: _____
    Nicholas E. Kasmer

Nicholas E. Kasmer
Attorney for Plaintiffs
McGann Ketterman and Rioux
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601